IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY BUIRGE JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 5448 |
| v. ) | |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Larry Buirge Jr.'s ("Plaintiff") claim for Disability Income Benefits ("DIB") under Title II of the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment, [Doc. No. 14] is denied and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is granted.

# BACKGROUND

## I. Procedural History

Plaintiff filed his application for DIB in January 2014, alleging disability since September 26, 2012[1] due to failed back surgery, bipolar disorder, degenerative disc disease, and acid reflux. (R. 176–80, 205.) His application was denied initially and again upon reconsideration. (R. 88–110.) Plaintiff presented for a hearing before an ALJ on March 24, 2016, represented by counsel. (R. 31–87.) A vocational expert was present and offered testimony. (*Id.*) On May 10, 2016, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (R. 13–30.) The Appeals Council denied review on June 26, 2017, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–6.)

## II. ALJ Decision

On May 10, 2016, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 13–30.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from September 26, 2012, his alleged onset date, through March 31, 2014, his date last insured. (R. 18.) At step two, the ALJ found that Plaintiff suffered from severe impairments of degenerative disc disease of the lumbar spine and obesity. (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of

---

[1] Plaintiff's original application alleged disability beginning January 14, 2009, but he amended this date at his administrative hearing. (R. 16.)

impairments that met or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526); (R. 20.)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at a medium exertional level, except he could occasionally climb ladders, ropes, and scaffolds and could occasionally balance and stoop. (R. 21.) At step four, the ALJ concluded that Plaintiff was capable of performing his past relevant work as an auto salesperson and as an inventory clerk. (R. 25.) Because of this determination, the ALJ found that Plaintiff was not disabled under the Act. (R. 26.)

## DISCUSSION

### III. ALJ Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former

3

occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## IV. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the

ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron*, 19 F.3d at 333.

## V. Analysis

Plaintiff argues remand is appropriate because the ALJ: (1) improperly evaluated the medical opinion evidence; and (2) dismissed his subjective symptom allegations without explanation. For the reasons that follow, the Court disagrees.

### A. Waiver

The Seventh Circuit has held that "undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1992); *Handford ex rel. I.H. v. Colvin*, No. 12 C 9173, 2014 WL 114173 (N.D. Ill. 2014) (applying *Berkowitz* to reject underdeveloped arguments in a Social Security appeal). Moreover, "[i]t is the parties' responsibility to allege facts and indicate their relevance under the correct legal standard." *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721 (7th Cir. 2008) (citation omitted) (internal quotation marks omitted).

Defendant argues a number of Plaintiff's arguments are waived. The Court agrees. Plaintiff offers no more than skeletal arguments, unsupported by case law or legal analysis in the following: (1) his argument that the ALJ improperly considered the impact of his obesity on his limitations; (2) his contention that the ALJ did not discuss whether his impairments, in combination, would equal Listing 1.04; and (3) his argument that the ALJ must define what she means by "entirely consistent". Skeletal arguments are "really nothing more than an assertion" and "do[] not preserve a claim." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Accordingly, the Court will not address these arguments.

**B. Medical Opinion Evidence**

The first of Plaintiff's remaining arguments alleges that the ALJ improperly weighed the medical opinion evidence. The Court begins with Plaintiff's allegation that the ALJ should have recontacted Dr. Hardik Vashi, D.O., for clarification of his opinion. (*Pl.'s Br.* at ¶15–18.) In December of 2014, Plaintiff presented to Dr. Vashi as the request of another physician. (R. 443–44.) Dr. Vashi found that Plaintiff suffered from chronic low back pain with failed back surgery syndrome, resulting in "permanent restrictions with regard to work activities." (*Id.*). When evaluating Dr. Vashi's opinion, the ALJ remarked that it was "unclear" what restrictions Dr. Vashi intended to place on Plaintiff, as they were not outlined in the available records. (R. 23.) Moreover, the ALJ noted that Plaintiff had attempted to request "medical examination and capacity forms" from Dr. Vashi's office, which were not included in the record for review. (*Id.*) Plaintiff contends the ALJ was under a duty to see if there were additional documents which set out those permanent restrictions.

Under Plaintiff's interpretation of the regulations, recontacting a medical source is mandatory to obtain additional information if the ALJ has questions about a source's opinion. *Pl.'s. Br.* at 24–25. This argument is not persuasive. Under 20 C.F.R. § 404.1520b(c)(1), which was in effect at the time of the ALJ's decision[2], an ALJ "*may* recontact your treating physician, psychologist, or other medical source." (emphasis added); s*ee also Skinner*, 478 F.3d at 843 ("ALJs may contact treating physicians for further information when the information already in the record is

---

[2] Effective March 27, 2017, the SSA issued new regulations, which confirm that recontacting a medical source is discretionary. *See* 20 C.F.R. § 404.1520b(b)(2)(i) ("[w]e may recontact your medical source.").

7

'inadequate' to make a determination of disability. . . .") This record was not inadequate. Rather, the ALJ was otherwise able to reach a disability determination based on other medical source evidence in this case including the opinions of the state agency consultants, Dr. Scott Aschenbrener, M.D., and Dr. Julia Kogan, M.D. Accordingly, no error occurred.

Next, Plaintiff argues that the ALJ ignored examinations by other "treating medical providers" which revealed, among other things, that Plaintiff suffered from chronic low back pain and was status post L4-5 disk replacement. (*Pl.'s Br.* at ¶20.) Without more specificity, it is unclear what specific issue Plaintiff is taking with this evidence. To the extent Plaintiff is arguing that ALJ failed to consider his history of low back pain and surgery, Plaintiff is mistaken. In her decision, the ALJ noted that Plaintiff "underwent a total lumbar disc replacement at L4-L5", followed by a laminectomy in 2006 and lumbar myelogram in 2008. (R. 22.) Moreover, the ALJ points out medical evidence where Plaintiff "exhibited moderately reduced lumbar range of motion." (R. 23.) (noting reduced lumbar spine range of motion on examination with Dr. Scott Aschenbrener, M.D., and Dr. Julia Kogan, M.D.) Accordingly, there was no error in this respect.

It is possible that Plaintiff contentions are part of his larger argument that the ALJ improperly weighed the findings of Dr. Scott Aschenbrener, M.D., a pain specialist, who Plaintiff began treatment with on December 2, 2013. On the same date, Dr. Aschenbrener completed a questionnaire wherein he opined Plaintiff could perform light work, but would require frequent position changes and would be

unable to complete an eight-hour work day. (R. 433–34.) When weighing Dr. Aschenbrener's findings, the ALJ remarked it was unclear on what basis Dr. Aschenbrener believed that Plaintiff could not complete a normal workday or would require frequent position changes as he did not note any extraordinary weakness, pain, or fatigue in his examination records from the same visit. (R. 24.) Ultimately, the ALJ accorded Dr. Aschenbrener's opinion partial weight. (*Id.*)

Plaintiff takes two issues with the ALJ's assessment. First, Plaintiff posits that Dr. Aschenbrener's December 2013 opinion was based not only on the evidence provided in the questionnaire, but also in a treatment note from Dr. Aschenbrener in the record from the same date. (R. 269–72.) In the treatment note, Plaintiff reports that his back pain is aggravated by bending, sitting, standing, lifting, etc. and that the pain can reach a 10/10. (R. 269.) Plaintiff claims the ALJ ignored this support for Dr. Aschenbrener's opinion when issuing her opinion. To the contrary, it is clear the ALJ considered this treatment note, citing it explicitly in her decision, and noting that it revealed positive straight leg test, but normal lower extremity strength. (R. 21) (citing Exhibit 1F). There is no requirement that the ALJ cite the evidence Plaintiff would have preferred from this treatment note. *Knox v. Astrue*, 327 F. App'x 652, 657–58 (7th Cir. 2009) ("The ALJ need not provide a written evaluation of every piece of evidence, but need only minimally articulate his reasoning so as to connect the evidence to his conclusions.").

Second, Plaintiff suggests the ALJ should have recontacted Dr. Aschenbrener for clarification of his opinion if the basis was unclear to her. (*Pl.'s Br.* at ¶ 24.) This,

9

however, mirrors Plaintiff's earlier argument with respect to Dr. Vashi. Again, the Court notes that recontacting a medical source is not mandatory under the applicable regulations. 20 C.F.R. § 404.1520b(c)(1) ("We may recontact your treating physician, psychologist, or other medical source.") Here, the ALJ was otherwise able to determine disability based on the other evidence of record. Therefore, the ALJ was under no mandatory obligation to do so.

Next, Plaintiff argues that the ALJ accorded too much weight to the findings of the state agency medical consultants, who did not have the opportunity to review the entire medical record. *Pl.'s Br.* at ¶31.³ While the state agency medical consultants may not have reviewed the entire record, they issued their opinions in May and December of 2014, *after* Plaintiff's date last insured (March 31, 2014), thereby encompassing the relevant period. (R. 88–110.) Moreover, Plaintiff does not explain how any of the later-dated evidence would change the state agency consultant's opinions. *Knox*, 327 F. App'x at 657 ("[The plaintiff] does not draw our attention to any evidence that conflicts with the ALJ's conclusion."). Thus, Plaintiff's argument falls flat.

In a related argument, Plaintiff argues that the state agency medical consultants "all but ignored" Dr. Ashenbrener's records. But the record is clear that the medical consultants considered Dr. Aschenbrener's treatment note which fell inside the relevant period. Moreover, Plaintiff points to no, and there is no,

---

³ Plaintiff seemingly asserts error because the state medical consultants did not fully address Dr. Aschenbrenner's findings. *Pl.'s Br.* at ¶31. Plaintiff cites to no legal argument with respect to this alleged error. Moreover, the state medical consultants did rely on Dr. Aschenbrener's opinion when issuing their opinions, they simply did not highlight all the evidence Plaintiff would have preferred.

10

requirement that they repeat the doctor's findings verbatim in their reports or interpret those findings in the way Plaintiff would prefer. (R. 88–97, 99–109.)

Finally, Plaintiff makes a more global argument that the ALJ did not evaluate Dr. Aschenbrener's or Dr. Vashi's opinions in accordance with the regulations. Even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *see Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011); *Campbell v. Astrue*, 627 F.3d 299, 308 (7th Cir. 2010). The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See Id.*

Plaintiff provides no analysis under this point; nonetheless, the Court will address his argument. First the Court turns to Dr. Vashi. Here, the ALJ did not articulate a consideration of Dr. Vashi's opinion under the applicable regulations. Generally, this would be a remandable error. Yet, Plaintiff has not provided any explanation about how reconsideration of Dr. Vashi's opinion would result in a different disability determination. Dr. Vashi issued his opinion that Plaintiff would have permanent restrictions with regard to work activities in December 2014, eight months after Plaintiff's date last insured. In his opinion, Dr. Vashi did not indicate that these limitations would apply back to Plaintiff's insured period or that that his opinions in any way implicated the relevant time period. In fact, in her opinion, the ALJ noted that she could not "reasonably assume that the level of functioning

11

observed by [Dr. Vashi] reflected [Plaintiff's] physical condition during the period under consideration." (R. 23.) Thus, any error on this point is harmless. *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (stating that the Seventh Circuit will not remand a case to the ALJ "if it is predictable with great confidence that the agency will reinstate its decision on remand" due to the overwhelming support of the record.)

Plaintiff puts forth a similar argument with respect to Dr. Aschenbrener, but here, the ALJ sufficiently addressed the factors required by the regulations. First, the ALJ noted that Plaintiff presented to Dr. Aschenbrener for pain management one time before his insured period ended (length and frequency of the treating relationship) (R. 23.) In the same portion of her decision, the ALJ noted that Dr. Aschenbrener, a pain management specialist, treated Plaintiff's low back pain and numbness with medication prescriptions (relevant specialty and nature and extent of treating relationship). (*Id.*) Later on, the ALJ noted Dr. Aschenbrener's assessment that Plaintiff had no unusual weakness or fatigue, with full strength in his extremities, was at odds with Plaintiff's own statements that his pain was so limiting he was almost unable to complete household chores (supportability). (R. 23.) Furthermore, the ALJ found that the doctor's findings were consistent with medical imaging from 2013, as well as the doctor's own observations of Plaintiff's good strength (consistency), but that they were more reflective of an ability to perform light work, not disability. (*Id.*) Based on this thorough discussion, it is clear the ALJ contemplated the factors provided in §404.1527 and articulated how they

12

impacted her analysis of Dr. Aschenbrener's opinion. Accordingly, the Court finds no error.

### D. Credibility

Plaintiff argues that the ALJ improperly assessed his subjective complaints of pain[4]. An ALJ's credibility determination is granted substantial deference by a reviewing court unless it is "patently wrong" and not supported by the record. *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007); *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *see also Elder*, 529 F.3d at 413 (holding that in assessing the credibility finding, courts do not review the medical evidence de novo but "merely examine whether the ALJ's determination was reasoned and supported"). An ALJ must give specific reasons for discrediting a claimant's testimony, and "[t]hose reasons must be supported by record evidence and must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.' " *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539–40 (7th Cir. 2003) (quoting *Zurawski*, 245 F.3d at 887–88); *see* SSR 96-7p, 1996 WL 374186, at *4 (S.S.A. 1996).

The lack of objective evidence is not by itself reason to find a claimant's testimony to be incredible. *See Schmidt v. Barnhart*, 395 F.3d 737, 746–47 (7th Cir. 2005). When evaluating a claimant's credibility, the ALJ must also consider "(1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of

---

[4] The SSA clarified that SSR 16-3p applies when ALJs "make determinations on or after March 28, 2016". *See* Notice of Social Security Ruling, 82 Fed. Reg. 49462 n.27 (Oct. 25, 2017). The ALJ issued her opinion on May 10, 2016. (R. 31.) Therefore, SSR 16-3p applies.

13

medication; and (5) functional restrictions." *Scheck*, 357 F.3d at 703; *see also* SSR 96-7p at *3. An ALJ's "failure to adequately explain his or her credibility finding . . . is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015).

In this case, Plaintiff argues that the ALJ's credibility determination relied too heavily on the lack of objective medical evidence supporting his allegations. This argument is unpersuasive. Here, in addition to a lack of objective evidence, the ALJ also considered Plaintiff activities of daily living. (R. 24.) For example, the ALJ points out that Plaintiff testified that he was able to perform his own activities of personal care, cook meals, mow his lawn, drive a car, shop, take walks and watch television for recreation, assist in the care of his girlfriend's son, and take his son to outings at the park and zoo. (*Id.*) The ALJ found that Plaintiff's representation that he could perform this wide array of activities belied his assertion that he had an inability to perform substantial gainful activity. (*Id.*) Thus, there exists additional support for the ALJ's unfavorable credibility determination beyond a lack of supportive objective medical evidence. Again, a reviewing court will only disturb an ALJ's credibility determination where it is "patently wrong." *Schmidt*, 469 F.3d at 843; *see also Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009) (noting that the court does not require an ALJ's credibility determination to be "flawless".); *Pepper v. Colvin*, 712 F.3d 351, 369 (7th Cir. 2013) (agreeing with an ALJ's determination that the plaintiff's daily activities undermined her testimony about extent of her symptoms).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 14] is denied and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is granted. Affirmed.

**SO ORDERED.**               **ENTERED:**

**DATE:**   **August 30, 2018**             _____
                                                                            **HON. MARIA VALDEZ**
                                                                            **United States Magistrate Judge**